1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BRUNO TARABICHI**, CA Bar No. 215129
bruno@tmwlawfirm.com
**TMW LAW**
4750 Almaden Expy 124-359
San Jose, California 95118
Telephone:  408.634.0324
Facsimile:   408.715-6707
Attorneys for Plaintiff
Mike Sarieddine

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SARIEDDINE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VAPTIO, INC., a Washington corporation; YONGHAI LI, an individual; FEI XU, an individual; SHENZHEN FIRST UNION TECHNOLOGY CO., LTD., a Chinese corporation; MAGELLAN TECHNOLOGY INC., a New York corporation doing business as Demand Vape; LAN & MIKE INTERNATIONAL TRADING INC., a California corporation; BREAZY INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-07785-VAP-MRW<br><br>**PLAINTIFF MIKE SARIEDDINE'S OPPOSITION TO DEFENDANT VAPTIO, INC.'S MOTION TO EXTEND AMENDED PLEADING DEADLINE AND FOR LEAVE TO FILE A SECOND AMENDED ANSWER**<br><br>Judge:    Virginia A. Phillips<br>Date:     April 5, 2021<br>Time:    2:00 p.m. |

# **TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................1

II.   PROCEDURAL AND FACTUAL BACKGROUND...............................1

    A.    Procedural Background..........................................................1

    B.    Vaptio's Knowledge of its Proposed Amendments and Lack of Diligence ..............................................................................2

    C.    Vaptio did not meet and confer in time to meet the Court's schedule...............................................................................3

III.  LEGAL STANDARD ..........................................................................4

IV.  ARGUMENT .....................................................................................5

    A.    Vaptio does not satisfy the good cause requirement of Rule 16..........5

    B.    Even if Vaptio could show good cause, the Rule 15 factors weigh against allowing Vaptio to amend...............................9

          1.    Vaptio's Motion is being brought in bad faith .........................10

          2.    Vaptio has unduly delayed in bringing its Motion ...................11

          3.    Vaptio's proposed amendments will prejudice Plaintiff ..........12

          4.    Vaptio's proposed amendments are futile ...............................13

               a.    Vaptio's proposed amendment to its Second Affirmative Defense is both unnecessary and futile ......13

               b.    Vaptio's proposed unclean hands defense is futile ........14

               c.    Vaptio's proposed counterclaim is futile.......................16

          5.    Vaptio has previously amended its Answer, which weighs against allowing Vaptio to amend again...................................17

    C.    If the Court grants Vaptio's Motion, Plaintiff requests the entire case schedule be extended commensurately .......................18

V.   CONCLUSION .................................................................................18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

*A.A. v. City of Riverside*, 2018 U.S. Dist. LEXIS 228618, *15-17 (C.D. Cal. 2018) ..................................................................................................................4, 6

*ACT Prods v. WS Indust*, 2017 U.S. Dist. LEXIS 214834, *17-18 (C.D. Cal. 2017) ..........................................................................................................................13

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) .4

*Asmodus, Inc. v. Junbiao Ou*, 2017 U.S. Dist. LEXIS 183613, *33-34 (C.D. Cal. 2017) ................................................................................................................16

*B2B CFO Partners, LLC v. Kaufman*, 2011 WL 2713887, at *2 (D. Ariz.)............12

*Baker v. Firstcom Music*, 2017 U.S. Dist. LEXIS 222123, *19-21 (C.D. Cal. 2017) ....................................................................................................................6

*Baker v. Firstcom Music*, 2017 U.S. Dist. LEXIS 224314, *12-13 (C.D. Cal. 2017) ....................................................................................................................6

*BMG Rights Mgmt. US LLC v. Global Eagle Entm't*, 2019 U.S. Dist. LEXIS 165656, *11-13 (C.D. Cal. 2019)..................................................................6

*Choi v. 8th Bridge Capital*, 2020 U.S. Dist. LEXIS 124972, *12 (C.D. Cal. 2020)10

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000)........................6

*Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).......5, 11, 17

*Dream Marriage Group, Inc. v. Anastasia Int'l, Inc.*, 2012 U.S. Dist. LEXIS 105341, *7-8 (C.D. Cal. 2012).................................................................17

*Guthrie v. J.C. Penney Co.*, 803 F.2d 202, 210 (5th Cir. 1986)...............................12

*Intellimedia Sports, Inc. v. Intellimedia Corp.*, 1997 TTAB LEXIS 15, *7-8 (TTAB 1997) ..............................................................................................16

*Jang v. Boston Sci. Corp.*, 2013 U.S. Dist. LEXIS 202705, *10 (C.D. Cal. 2013) .13

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ........4, 6

*Kaneka Corp. v. SKC Kolon PI, Inc.*, 2013 U.S. Dist. LEXIS 189988, *11-12 (C.D. Cal. 2013)..............................................................................................10

*Kannar v. Alticor Inc.*, 2010 WL 891289, at *2 (C.D. Cal. 2010) ...........................5

*Luna Distrib. LLC v. Stoli Grp. United States, LLC*, 2018 U.S. Dist. LEXIS 233024, *15 (C.D. Cal. 2018)......................................................................14

*Luria v. Heiman*, 2008 U.S. Dist. LEXIS 127287, *4-7 (C.D. Cal. 2008)................6

*Madrigal v. United States*, 2015 U.S. Dist. LEXIS 118810, *10-11 (C.D. Cal. 2015) ..................................................................................................................11

*Munro v. Univ. of S. Cal.*, 2019 U.S. Dist. LEXIS 164213, *5 (C.D. Cal. 2019)....10

*P.H. v. City of Riverside*, 2019 U.S. Dist. LEXIS 136636, *5-6 (C.D. Cal. 2019)..10

*RePET, Inc. v. Zhao*, 2017 U.S. Dist. LEXIS 224774, *5-8 (C.D. Cal. 2017) ..........6

*SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ..................................................................................................................12

*Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006) ................................................................................................................12

*SMS Signature Cars, Inc. v. Arrington Mfg.*, 2012 U.S. Dist. LEXIS 200064, *7-8 (C.D. Cal. 2012) .................................................................................................6

*Stewart v. Wachowski*, 2005 U.S. Dist. LEXIS 46703, *30-31 (C.D. Cal. 2005)....16

*The Solomon-Page Group LLC v. Clinical Resources Network*, 2012 TTAB LEXIS 124, *13 (TTAB 2012)......................................................................................15

*Urrutia v. Chipotle Mexican Grill, Inc.*, 2017 U.S. Dist. LEXIS 222972, *27-28 (C.D. Cal. 2017) .............................................................................................10

**STATUTES**

Fed. R. Civ. P. 16(b)(4) ......................................................................................4

1

## I.   INTRODUCTION

2

Defendant Vaptio, Inc. ("Vaptio") has missed the March 15, 2021 deadline to

3

hear motions to amend, which means it must show good cause in order to amend after

4

the deadline pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP").

5

However, because Vaptio missed the deadline due to its own negligence and failure

6

to act diligently, it cannot satisfy the good cause requirement.

7

More specifically, Vaptio and its counsel did not properly docket the March

8

15, 2021 deadline to *hear* motions to amend, mistaking it for the deadline to file

9

motions to amend. Vaptio's mistake does not constitute good cause as a matter of

10

law. Likewise, Vaptio knew about its proposed amendments as early as October 21,

11

2020 or as late as mid January 2021. Either way, had Vaptio acted diligently and

12

immediately tried to amend, it could have met the deadline. Instead, Vaptio admits

13

to waiting, hoping the case would settle. That does not constitute good cause as a

14

matter of law. Therefore, Vaptio's Motion should be denied.

15

Even if Vaptio could show good cause (which it can't), its Motion would be

16

denied under the standards of Rule 15. In this regard, Vaptio's Motion is being

17

brought in bad faith as a pressure tactic, Vaptio unduly delayed in filing the Motion,

18

Vaptio's proposed amendments are futile, Vaptio's proposed amendments would

19

severely prejudice Plaintiff due to the very accelerated case schedule and upcoming

20

close of discovery, and Vaptio has already previously amended its pleading.

21

Therefore, if the Court even reaches Rule 15 standards, Vaptio's Motion should be

22

denied on these grounds too.

23

## II.   PROCEDURAL AND FACTUAL BACKGROUND

24

### A.   Procedural Background

25

On August 26, 2020, Plaintiff filed his Complaint for trademark infringement

26

in this action. ECF No. 1. On September 18, 2020, Vaptio filed its Answer. ECF No.

27

20. Vaptio's Answer contained a Third Affirmative Defense entitled "Trademark

28

1

Misuse/Unclean Hands" and a Sixth Affirmative Defense entitled "Laches/Limitations."

On October 9, 2020, Plaintiff filed a Motion to Strike Vaptio's Affirmative Defenses. ECF No. 30. That same day, Vaptio filed its first Amended Answer, containing only two affirmative defenses: unjust enrichment and laches/limitations. ECF No. 31.

On October 21, 2020, Defendant Breazy Inc. (who has since been dismissed) filed its Answer and Counterclaim. ECF No. 40. Breazy's counterclaim sought to cancel Plaintiff's ALIEN VAPE design mark. *Id*. On November 11, 2020, Plaintiff filed his Answer to Breazy's Counterclaim. ECF No. 49.

On January 4, 2021, this Court issued its Scheduling Order. ECF Nos. 67, 68. The Order(s) set March 15, 2021 as the ***hearing date*** for any motion to amend. ECF No. 67, at 1:6, ECF No. 68.

On March 8, 2021, Vaptio filed its Motion to amend. ECF No. 86. Vapito set the hearing date for April 5, 2021 – weeks after this Court's March 15, 2021 deadline. *Id*.

### B. Vaptio's Knowledge of its Proposed Amendments and Lack of Diligence

Plaintiff admittedly does not know when Vaptio first became aware of its proposed counterclaim. However, Plaintiff knows that Vaptio knew at least as early as October 21, 2020 when Breazy asserted the same counterclaim in its Answer. ECF No. 40.

In addition, Plaintiff knows that Vaptio was aware of its proposed counterclaim by November 24, 2020. In essence, Vaptio is seeking to add the same counterclaim that Alien Visions E-Juice, Inc. asserted in a separate lawsuit. Tarabichi Decl., ¶ 2, Ex. A. Notably, Vaptio was aware of that lawsuit by November 24, 2020 when Vaptio served document requests on Plaintiff, seeking,

2

among other things, documents filed under seal in the Alien Visions litigation.

Tarabichi Decl., ¶ 5, Ex. B. In other words, by then, Vaptio had already viewed

Alien Visions' counterclaim—the exact same one they are trying to add now.

In fact, even in Vaptio's Motion to Amend, Vaptio admits that it was aware of its proposed amendments at least as early as early to mid January 2021:

> Vaptio first learned of facts supporting a counterclaim for cancellation of Plaintiff Mike Sarieddine's ("Plaintiff") trademarks, and an affirmative defense for unclean hands, in the weeks leading up to a scheduled mediation that took place on Janaury 28, 2021. Vaptio decided to wait …

ECF No. 86-1, at 2:6-9.

As such, Vaptio clearly knew about its proposed amendments as early as October 21, 2020 and no later than mid-January 2021.

### C.   Vaptio did not meet and confer in time to meet the Court's schedule

On February 8, 2021, Vaptio's counsel Mr. Workicho sent a redline of Vaptio's proposed amended answer, asking "Will Plaintiff consent to the amendment?" Tarabichi Decl., ¶ 6, Ex. C. Mr. Workicho *did not ask to meet and confer regarding any motion to amend*. February 8, 2021 was the deadline to meet and confer for a motion to amend.

Simultaneously, Vaptio and Plaintiff were negotiating a Stipulated Protective Order. Vaptio did not raise the amended answer again until February 19, 2020 during an email exchange regarding the protective order, in which Mr. Workicho stated "Vaptio intends to file its amended answer next week. Please confirm whether Plaintiff will consent or oppose." Tarabichi Decl., ¶ 7, Ex. D. Mr. Workicho *did not ask to meet and confer regarding any motion to amend*. Notably, this was also already past the meet and confer deadline of February 8, 2021.

Three days later, on February 22, 2021, Plaintiff's counsel responded and

3

informed Mr. Workicho that Plaintiff would not consent to Vaptio's proposed amended answer and counterclaim. Tarabichi Decl., ¶ 9, Ex. D.

That same day, on February 22, 2021, Mr. Workicho *for the first time* asked to meet and confer, asking "What is your availiability in the next couple of days?" Tarabichi Decl., ¶ 10, Ex. D. Clearly, Mr. Workicho did not have any sense of urgency even though the February 8, 2021 meet and confer deadline had passed.

On Friday, February 26, 2021, Vaptio's counsel Mr. Workicho and Plaintiff's counsel Mr. Tarabichi held a meet and confer on Vaptio's contemplated motion to amend. Tarabichi Decl., ¶ 12. During the meet and confer, Mr. Tarabichi informed Mr. Workicho that Vaptio had missed the deadline. Mr. Workicho responded that he thought the March 15, 2021 was the deadline to *file* a motion to amend. *Id.* When Plaintiff's counsel informed him that it was the deadline to *hear* a motion to amend, Mr. Workicho was surprised and admitted that he and Vaptio did not know that. *Id.* Therefore, the true reason for Vaptio's failure to meet the deadline is Vaptio's counsel's misunderstanding of the March 15, 2021 deadline.

## III.   LEGAL STANDARD

Once a district court issues a pretrial scheduling order that establishes a deadline for the amendment of pleadings, motions to amend filed after the deadline are governed by Rule 16 of the Federal Rules of Civil Procedure rather than Rule 15. *A.A. v. City of Riverside*, 2018 U.S. Dist. LEXIS 228618, *15-17 (C.D. Cal. 2018). When filing a motion to amend under Rule 16, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the more stringent 'good cause' showing required under Rule 16." *Id.*

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v.*

4

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause may be established by showing that the pretrial schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id*. (citation omitted). The party seeking to modify the scheduling order bears the burden of showing that good cause exists. *See id*. at 608.

Upon a showing of good cause, the party seeking to modify a pleading must then demonstrate that leave to amend is warranted under Rule 15. *See Kannar v. Alticor Inc.*, 2010 WL 891289, at *2 (C.D. Cal. 2010). Under Rule 15, the court considers five factors in assessing whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).

## IV.   ARGUMENT

Because the deadline to amend pleadings has passed, Vaptio must show good cause under Rule 16 for amending the deadline. If Vaptio can show good cause, it must then also show that it should be given leave to amend under Rule 15. As analyzed below, Vaptio cannot show good cause under Rule 16 and cannot show that leave to amend should be given under Rule 15 either.

### A.   Vaptio does not satisfy the good cause requirement of Rule 16

Rule 16 does not liberally allow amendments to pleadings: "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking

1  the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th
2  Cir. 1992).  If the party was not diligent, the inquiry should end.  *Id*.

3       Moreover, oversights and carelessness do not constitute good cause under
4  Rule 16(b).  *Id*. ("carelessness is not compatible with a finding of diligence and
5  offers no reason for a grant of relief").  Likewise, lack of prejudice to the opposing
6  party does not constitute good cause either.  *Id*; *Coleman v. Quaker Oats Co.*, 232
7  F.3d 1271, 1295 (9th Cir. 2000) (denying motion to amend filed with reply to
8  summary judgment).  Rather, good cause means that the scheduling deadline cannot
9  be met ***despite the party's diligence***.  *Johnson*, 975 F.2d at 609.

10       In fact, the Honorable Judge Phillips has repeatedly issued decisions
11  emphasizing the stringent standard required to show good cause. *BMG Rights*
12  *Mgmt. US LLC v. Global Eagle Entm't*, 2019 U.S. Dist. LEXIS 165656, *11-13
13  (C.D. Cal. 2019) (denying motion to continue dates for lack of good cause); *A.A. v.*
14  *City of Riverside*, 2018 U.S. Dist. LEXIS 228618, *20 (C.D. Cal. 2018) (denying
15  motion to amend for lack of good cause); *Baker v. Firstcom Music*, 2017 U.S. Dist.
16  LEXIS 222123, *19-21 (C.D. Cal. 2017) (same); *Baker v. Firstcom Music*, 2017
17  U.S. Dist. LEXIS 224314, *12-13 (C.D. Cal. 2017) (same); *RePET, Inc. v. Zhao*,
18  2017 U.S. Dist. LEXIS 224774, *5-8 (C.D. Cal. 2017) (same); *SMS Signature*
19  *Cars, Inc. v. Arrington Mfg.*, 2012 U.S. Dist. LEXIS 200064, *7-8 (C.D. Cal. 2012)
20  (denying motion to amend schedule for lack of good cause); *Luria v. Heiman*, 2008
21  U.S. Dist. LEXIS 127287, *4-7 (C.D. Cal. 2008) (denying motion to amend for
22  lack of good cause).

23       In the instant case, Vaptio's oversights and careless cannot as a matter of law
24  constitute good cause. This Court set **March 15, 2021** as the deadline to ***hear*** motions
25  to amend. Pursuant to Local Rule 6-1, a motion must be noticed 28 days before the
26  hearing date. This means Vaptio was required to ***file*** its Motion by **February 15,**
27  **2021**. Pursuant to Local Rule 7-3, a moving party must meet and confer at least seven

28

6

**OPPOSITION TO MOTION TO AMEND**

days prior to filing a motion. This means that Vaptio was required to ***meet and confer*** by **February 8, 2021**.

The reason Vaptio didn't file its Motion by February 15, 2021 to meet the March 15, 2021 hearing deadline is oversight and carelessness by it counsel. When the parties finally met and conferred on February 26, 2021 (well past the deadline for filing a motion to amend), Vaptio's counsel Mr. Workicho revealed that he thought March 15, 2021 was the deadline to ***file***. Tarabichi Decl., ¶ 12. And when this Court reviews the emails between counsel, it becomes abundantly clear that this is true. Tarabichi Decl., Exs. C, D. As the Ninth Circuit has made clear, the fact that Vaptio's counsel miscalendared or misread this Court's order and calendared the date to file its Motion as March 15, 2021 instead of February 15, 2021 does not constitute good cause as a matter of law.

After Plaintiff's counsel Mr. Tarabichi informed Vaptio's counsel Mr. Workicho that Vaptio missed the deadline during the meet and confer, Vaptio tried to rewrite history and wrongly blame Plaintiff for Vaptio's failure. In its Motion, Vaptio attempts to blame its delay by mischaracterizing the delay as being Plaintiff's fault. *See* ECF No. 86-1, at 5:7-13. The evidence and documents prove otherwise.

As an initial matter, Vaptio did not seek to meet and confer on its Motion until February 22, 2021. Tarabichi Decl., ¶ 10, Ex. D. That was the very first time Vaptio asked for meet and confer. Importantly, ***by then, both the February 8, 2021 deadline to meet and confer and the February 15, 2021 deadline to file had passed***. Yet, Vapito's counsel's email still shows a lack of any urgency whatsoever, as he asks, "What is your availability in the next couple of days?" *Id*. This makes sense because, at the time, Mr. Workicho wrongly thought the deadline to file was March 15, 2021.

Vaptio's communications prior to February 22, 2021 did not seek to meet and confer. Instead, they only asked whether Plaintiff would stipulate to Vaptio's amended pleading. Tarabichi Decl., Exs. C, D. This is not the same thing as asking

for a meet and confer on a Motion to Amend.

On February 8, 2021, Vaptio sent an email asking if Plaintiff would stipulate to its amended pleading. Tarabichi Decl., ¶ 6, Ex. C. Importantly, under the Court's scheduling order, ***February 8, 2021 was the deadline to meet and confer on a motion to amend***. Had Vaptio been diligent, it would have stated that, if Plaintiff does not consent, Vaptio intends to file a Motion to Amend and must meet and confer that same day. But Vaptio's email does not reference any request to meet and confer at all and does not even reference that it is contemplating a motion to amend. Notably, it cannot be presumed that Vaptio would necessarily file a motion. Again, the lack of a request to meet and confer by the February 8, 2021 deadline is explained by Mr. Workicho's revelation during the meet and confer that Vaptio's counsel wrongly though March 15, 2021 was the deadline to file.

Moreover, Vaptio never followed up on its February 8, 2021 email until February 19, 2021. Tarabichi Decl., ¶ 7, Ex. D. Had Vaptio been diligent, it would no have waited 11 days to follow up on its inquiry as to whether Plaintiff consented to its amended pleading. Had Vaptio been diligent, it would have known that February 15, 2021 was the deadline to file its Motion and would have promptly followed up on its February 8, 2021 email to ensure it would meet the filing deadline. Again, the reason it did not follow up is because Vaptio's counsel miscalendared the filing date.

The reality is that, if Vaptio had been diligent, it could have very, very easily met the deadlines set forth in this Court's Scheduling Order. Vaptio already admits that it knew about the bases for its proposed amendments to its affirmative defenses and counterclaim by mid-January 2021 but chose to wait:

> Vaptio first learned of facts supporting a counterclaim for cancellation of Plaintiff Mike Sarieddine's ("Plaintiff") trademarks, and an affirmative defense for unclean hands, in the weeks leading up to a scheduled mediation that took place on Janaury 28, 2021. Vaptio decided to wait …

8

**OPPOSITION TO MOTION TO AMEND**

ECF No. 86-1, at 2:6-9. And in all likelihood, Vaptio knew at least as early as October 21, 2020 when Breazy served its Answer containing a similar counterclaim or November 24, 2020 when Vaptio served discovery evidencing it knew that Alien Visions had brought a similar counterclaim in another lawsuit. Tarabichi Decl., ¶¶ 2-5, Exs. A-B. Had Vaptio promptly moved to meet and confer on a motion to amend in October 2020, November 2020, or even mid January 2020, it would have easily met this Court's March 15, 2021 deadline to ***hear*** motions to amend.

Furthermore, setting aside that Vaptio incorrectly characterizes its February 8, 2021 email as a request to meet and confer, even assuming ***arguendo*** that Plaintiff did not make itself available to meet and confer, Vaptio's counsel should have just filed its Motion by February 15, 2021 with a statement that it was unable to meet and confer with Plaintiff. That way Vaptio could still have met the March 15, 2021 hearing deadline and asked the Court to excuse the meet and confer requirement. This is what any dilgent counsel would have done if it was having issues getting the other side to meet and confer. But Vaptio did not do that because it had miscalendared the filing deadline as March 15, 2021 instead of February 15, 2021.

The bottom line is that Vaptio cannot show good cause. Vaptio's counsel's mistake does not qualify as good cause. In its brief, Vaptio admits to knowing about its proposed amendment at least in mid January 2021 and choosing to wait. And the email exhibits show Vaptio did not ask for a meet and confer until February 22, 2021 after the February 15, 2021 filing deadline. There is simply no good cause here. Vaptio was careless and the exact opposite of diligent. Vaptio's Motion should be denied for lack of good cause.

**B.    Even if Vaptio could show good cause, the Rule 15 factors weigh against allowing Vaptio to amend**

When the moving party fails to satisfy the good cause requirement of Rule 16, the court does not need to reach the moving party's arguments under Rule 15. *Urrutia*

**OPPOSITION TO MOTION TO AMEND**

*v. Chipotle Mexican Grill, Inc.*, 2017 U.S. Dist. LEXIS 222972, *27-28 (C.D. Cal. 2017); *Choi v. 8th Bridge Capital*, 2020 U.S. Dist. LEXIS 124972, *12 (C.D. Cal. 2020) ("because plaintiffs fail to establish the requisite good cause under Rule 16 … the Court does not reach the question of whether plaintiffs' proposed second amended complaint … satisfies Rule 15"). Stated differently, if the moving party was not diligent and has not shown good cause, "the inquiry should end." *Id*.

As detailed in the preceding Section IV.A above, Vaptio has failed to show good cause as required under Rule 16 in order to amend the scheduling order to allow it to file its amended answer an counterclaim. Therefore, Plaintiff submits that this Court need not address whether Vaptio's proposed amendment satisfies Rule 15.

However, in the unlikely event that this Court find good cause under Rule 16, Plaintiff submits that Vaptio's proposed amended pleading fails to satisfy the requirements of Rule 15. As discussed below, Vaptio's Motion is being brought in bad faith, Vaptio has unduly delayed in bringing the Motion, Vaptio's proposed amendment unduly prejudices Plaintiff, and Vaptio has already amended its pleading. Consequently, Vaptio's Motion should also be denied under Rule 15.

### 1. Vaptio's Motion is being brought in bad faith

A court may deny leave to amend based on bad faith. *Munro v. Univ. of S. Cal.*, 2019 U.S. Dist. LEXIS 164213, *5 (C.D. Cal. 2019). Moreover, a party's "undue delay, at a minimum, gives rise to the appearance of bad faith." *Kaneka Corp. v. SKC Kolon PI, Inc.*, 2013 U.S. Dist. LEXIS 189988, *11-12 (C.D. Cal. 2013). Likewise, seeking to amend a pleading after representing to the Court that the party would not do so, is evidence of bad faith. *P.H. v. City of Riverside*, 2019 U.S. Dist. LEXIS 136636, *5-6 (C.D. Cal. 2019).

Here, Vaptio is seeking leave to amend in bad faith. First, this is evidenced by Vaptio's undue delay in bringing its Motion. The undue delay is detailed in Section IV.A and IV.B.2 of this opposition brief. In short, Vaptio has known about this

potential counterclaim since at least as early as October 21, 2020—and likely before then. As in *Kaneka*, this unexplained, long delay gives rise to an inference of bad faith. Second, Vaptio's amendment is being made for the purposes of applying pressure on Plaintiff in the misguided hope of extorting a favorable settlement. As Vaptio admits in the introduction of its Motion, Vaptio only filed this motion after the case failed to settle at mediation. *See* ECF No. 86-1, at 2:8-12. Clearly, Vaptio is seeking to amend now solely in a bad faith effort to apply settlement pressure. Therefore, Vaptio's Motion should be denied because it is being brought in bad faith.

### 2. Vaptio has unduly delayed in bringing its Motion

If a party unduly delays in bringing a motion to amend, then it weighs against granting leave to amend. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *Madrigal v. United States*, 2015 U.S. Dist. LEXIS 118810, *10-11 (C.D. Cal. 2015) ("allowing leave to amend would cause undue delay" and noting deadline to amend more than two months prior). Moreover, it appears that, when the moving party has missed the deadline to amend set by a Rule 16 schedule, undue delay is necessarily found. *Id*.

Here, it is really undisputed that Vaptio has unduly delayed in bringing its Motion to Amend. As discussed in Sections II.B, II.C, and IV.A, Vaptio definitely knew about its proposed amendments by mid January 2021. And it's far more likely that Vaptio actually knew about its proposed amendments as far back as October 21, 2020 (when Breazy counterclaimed) and November 24, 2020 (when Vaptio served discovery). Yet, Vaptio waited until March 8, 2021 to file its Motion. By waiting so long, Vaptio not only missed the Rule 16 deadline to file a motion to amend but also effectively deprived Plaintiff of many months of discovery on these newly proposed affirmative defenses and counterclaim. Vaptio's undue delay weighs against granting Vaptio's Motion.

**OPPOSITION TO MOTION TO AMEND**

1

### 3.  Vaptio's proposed amendments will prejudice Plaintiff

2

"Prejudice typically arises where the opposing party is surprised with new

3

allegations which require more discovery or will otherwise delay resolution of the

4

case." *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1080 (N.D. Cal.

5

2006) (citing *Acriv. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393,

6

1398-99 (9th Cir. 1986); *Guthrie v. J.C. Penney Co.,* 803 F.2d 202, 210 (5th Cir.

7

1986). It also may arise "where the claims sought to be added 'would . . . greatly

8

alter[] the nature of the litigation and would . . . require[] defendants to . . .

9

undertake[], at a late hour, an entirely new course of defense.'" *SAES Getters S.p.A.*

10

*v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (quoting *Morongo*

11

*Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). "Extending

12

discovery can also create undue delay." *B2B CFO Partners, LLC v. Kaufman*, 2011

13

WL 2713887, at *2 (D. Ariz.) (citing *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151

14

F.3d 1132, 1139 (9th Cir. 1998)).

15

In the instant case, Vaptio's amendments will undoubtedly prejudice Plaintiff.

16

The proposed amendments significantly alter and add to the nature of this litigation.

17

At present, there are no counterclaims against Plaintiff in this action. Allowing

18

Vaptio to add a counterclaim will rquire Plaintiff, at this late hour, to prepare an

19

entirely new defense. It will require the introduction of new witnesses, new

20

depositions, and new written discovery.

21

This is significant because of the very fast schedule set in this case. Trial is set

22

to start to start in five months on August 31, 2021. ECF Nos. 67, 68. Moreover,

23

discovery is set to close on June 14, 2021. *Id.* And this Court requires all discovery

24

to be served at least 45 days before the cut-off, which means all discovery must be

25

served by April 30, 2021. *See* ECF No. 67, at 3:5-8. ***That is only 25 days after this***

26

***Motion is scheduled to be heard by this Court***. This means that, unless this Court

27

extends the case deadlines, Plaintiff will be deprived of a meaningul opportunity to

28

**OPPOSITION TO MOTION TO AMEND**

take discovery on these new affirmative defenses and counterclaim (and certainly would not be afforded the opportunity to serve follow up written discovery). This would be extremely prejudicial.

Moreover, Sarieddine plans to challenge Vaptio's counterclaim by way of a Rule 12(b)(6) motion because it is not pled properly and does not comply with FRCP 9. Given the current case schedule, this means pleadings will not be set until after discovery.[1] This is also prejudicial.

### 4. Vaptio's proposed amendments are futile

Leave to amend is properly denied when the proposed amendment is futile. *Jang v. Boston Sci. Corp.*, 2013 U.S. Dist. LEXIS 202705, *10 (C.D. Cal. 2013). An amendment is futile when it does not constitutea valid and sufficient claim or defense. *Id*. As discussed below, Vaptio's amendments in its proposed second amended answer and counterclaim are futile, such that leave to amend should be denied.

### a. Vaptio's proposed amendment to its Second Affirmative Defense is both unnecessary and futile

With regard to Vaptio's proposed amendment to its Second Affirmative Defense entitled "Laches/Limitations," the proposed amendment is both unnecessary and futile. *See* ECF No. 86-4, at 6:21-24. First, it is unnecessary because Vaptio's pleading already contains this defense and only seeks to add amplifying language. The amend simply isn't necessary because the affirmative defense has already been pled. *See* ECF No. 31, at 6:12-18.

Second, the proposed additional sentences are also futile because they do not establish a laches or statute of limitations defense. With regard to the statute of limitations, it is well-established that the statute of limitations for trademark infringement is four years. *ACT Prods v. WS Indust*, 2017 U.S. Dist. LEXIS 214834, *17-18 (C.D. Cal. 2017) ("The statute of limitations for federal and California

---

[1] Plaintiff will also likely serve and file a Rule 11 Motion because Vaptio has no factual basis to cancel Plaintiff's trademark registrations.

**OPPOSITION TO MOTION TO AMEND**

trademark infringement is four years."). With regard to laches, "[i]f an action is brought within the analogous statute of limitations period, laches is presumed inapplicable." *Luna Distrib. LLC v. Stoli Grp. United States, LLC*, 2018 U.S. Dist. LEXIS 233024, *15 (C.D. Cal. 2018) (citing *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002)). Vaptio's proposed additions to its Second Affirmative Defense allege that Plaintiff knew about Vaptio's use 21 months prior to filing his Complaint (i.e., less than two years). *See* ECF No. 86-4, at 6:21-24. However, 21 months is less than the four year statute of limitations and, therefore, it does not trigger the statute of limitations and laches is also presumed to be inapplicable. Therefore, Vaptio's proposed amendments to its Second Affirmative Defense are futile.

### b. Vaptio's proposed unclean hands defense is futile

Vaptio's proposed amendment to add a third affirmative defense for unclean hands is defective and, therefore, futile. The proposed unclean hands defense is purportedly based on two things: (i) Plaintiff allegedly modifying his website to "heighten similarities" between the parties' marks, and (ii) Plaintiff allegedly submitting false documents to the U.S. Patent and Trademark Office ("USPTO").

With regard to Plaintiff's website, Vaptio's allegations are nonsensical and do not state a claim for unclean hands. First, Plaintiff did not modify its website to heighten similarities between the parties' marks. Plaintiff was using the alien imagery that Vaptio complains about well before the filing of the Complaint. In fact, Plaintiff used that imagery as early as October 2018. Sarieddine Decl., ¶ 4, Ex. A. **This is before Vaptio even ever first used its infringing ET AUTO mark**. And contrary to Vapito's assertion, the website was updated before the filing of the Complaint. Sarieddine Decl., ¶ 5, Ex. B. Second, Vaptio's argument makes no sense. The parties' marks are what they are and are not determined by the similarites of the parties' marks. Moreover, Plaintiff has never—not even once—made any allegation or

**OPPOSITION TO MOTION TO AMEND**

argument that the likelihood of confusion is based on his website. Plaintiff does not have any claim in this case that Vaptio infringes the trade dress of Plaintiff's website. Plaintiff alleges that Vaptio's ET AUTO mark infringes Plaintiff's ALIEN VAPE marks, which includes a logo of an alien. Third, Plaintiff, by virtue of owning the ALIEN VAPE marks, has always had alien imagery on his website. Plaintiff is entitled to update his website and that simply does not constitute unclean hands in any way. Vaptio's allegations simply evidence a fundamental misunderstanding of trademark infringement, trademark law, and unclean hands. As such, this defense is futile (and demonstrably false as shown by Plaintiff's use of the imagery in October 2018).

With regard to Vaptio's allegation that Plaintiff submitted false documents to the USPTO, that allegation is not only false, but it constitutes an impermissible collateral attack on Plaintiff's trademark registrations. First, Plaintiff points out that that Vaptio's allegation of "willful and inequitable conduct" and by submitting "false documents" is essentially a claim of fraud. And pursuant to FRCP 9, fraud must be pled with particularity. Here, Vaptio has not pled with particularity. There are no details regarding what documents are being referenced, why they are false, and none of the who, where, what, when requirements. *See* Section IV.B.4.c below. Second, Vaptio's allegation is basically one of fraud on the USPTO. It is well-established that such allegations must be brought as counterclaims, not affirmative defenses. *The Solomon-Page Group LLC v. Clinical Resources Network*, 2012 TTAB LEXIS 124, *13 (TTAB 2012) ("[W]e find this affirmative defense to constitute an impermissible collateral attack on opposers' pleaded registration absent a counterclaim. In view thereof, this affirmative defense will be given no further consideration."). When a fraud on the USPTO claim is disguised as an affirmative defense, it constitutes impermissible collateral attack on a trademark registration. *Id*.

**OPPOSITION TO MOTION TO AMEND**

1

### c.  Vaptio's proposed counterclaim is futile

2      Vaptio's proposed counterclaim is deficient and, therefore, futile. Vaptio seeks

3  to cancel Plaintiff's trademark registrations on the grounds that the "Registrations

4  were produced through fraudulent evidence of first use." *See* ECF No. 86-4, at 9:5-

5  6. This is a fraud on the USPTO claim.

6      First, it is well-established that a claim to cancel a trademark registration

7  based on fraud on the USPTO must be pled with particularity under Rule 9. When

8  the claim being pled is fraud, the pleading is considered under the much more

9  stringent standard imposed by Rule 9(b), which requires that fraud be pled with

10  particularity.  *Intellimedia Sports, Inc. v. Intellimedia Corp.*, 1997 TTAB LEXIS

11  15, *7-8 (TTAB 1997); *Asmodus, Inc. v. Junbiao Ou*, 2017 U.S. Dist. LEXIS

12  183613, *33-34 (C.D. Cal. 2017) ("Rule 9(b)'s pleading requirements apply to

13  claims of fraud in the procurement of USPTO registration."). Furthermore, it is

14  well-established that "information and belief" allegations do not satisfy the

15  requirement. A party cannot plead fraud based "on information and belief"—

16  regardless of how difficult it may be for a party to possess facts supporting fraud.

17  *Asian and Western Classics B.V. v. Selkow*, 92 USPQ2d 1478, 1479 (TTAB 2009)

18  ("[A]llegations [based solely upon information and belief] fail to meet the Fed. R.

19  Civ. P. 9(b) requirements as they are unsupported by any statement of facts

20  providing the information upon which petitioner relies or the belief upon which the

21  allegation is founded (*i.e.*, known information giving rise to petitioner's stated

22  belief, or a statement regarding evidence that is *likely* to be discovered that would

23  support a claim of fraud)"); *Stewart v. Wachowski*, 2005 U.S. Dist. LEXIS 46703,

24  *30-31 (C.D. Cal. 2005) (allegations of fraud on information and belief

25  insufficient).

26      Here, in paragraph 52 counterclaim, Vapito alleges that Plaintiff wasn't

27  actually using his ALIEN VAPE marks at the time he filed the applications. ECF

28

<hr>

16

No. 86-4, at 8:15-18. This is the ***only paragraph*** in which Vaptio actually alleges that Plaintiff was not using his marks. And conspicuously, ***it is pled "on information and belief."*** There are no actual factual allegations to support Vaptio's false allegation of non-use and no description of what this supposed evidence is – no particularity in the pleading. Instead, it is impermissibly pled on information and belief. Therefore, the claim is deficient and futile. Accordingly, this is another reason Vaptio's Motion should be denied.

### 5. Vaptio has previously amended its Answer, which weighs against allowing Vaptio to amend again

The last factor considers whether the moving party has previously amended its pleading. *Desertrain,* 754 F.3d, at 1154. Moreover, when the moving party could have included the proposed amendments in one of the prior amended pleadings, it weighs against granting leave to amend. *Dream Marriage Group, Inc. v. Anastasia Int'l, Inc.*, 2012 U.S. Dist. LEXIS 105341, *7-8 (C.D. Cal. 2012). The court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Clark v. Carmax Auto Supertores Cal., LLC*, 2015 U.S. Dist. LEXIS 8010, *19 (C.D. Cal. 2015).

In the instant case, Vaptio has already amended its answer previously, which weighs against granting leave to amend yet again. On October 9, 2020, Vaptio filed its first Amended Answer. *See* ECF No. 31.  Moreover, on information and belief, at the time that Vaption filed its Amende Answer, Vaptio's counsel was well aware of the previous litigation between Alien Visions and Plaintiff Sarieddine, in which Alien Visions sought to cancel Plaintiff's trademark registrations. As such, Vaptio could have included the cancellation counterclaim in its October 9, 2021 Amended Answer. Thus, this factor weighs against allowing Vaptio to amend its pleading.

**OPPOSITION TO MOTION TO AMEND**

**C.**   **If the Court grants Vaptio's Motion, Plaintiff requests the entire case schedule be extended commensurately**

Plaintiff maintains that Vaptio has not shown good cause for amending the pleading deadline under Rule 16 and similarly has not shown that it is entitled to amend its pleading under the Rule 15 factors. However, to the extent the Court disagrees and intends to grant Vaptio's Motion to Amend, Plaintiff respectfully requests that the case schedule be extended commensurately.

In this regard, and as discussed in Section IV.B.3 above, this Court has set a very rapid schedule for this case, with trial set to start to start in five months on August 31, 2021. ECF Nos. 67, 68. Moreover, discovery is set to close on June 14, 2021. *Id*. And this Court requires all discovery to be served at least 45 days before the cut-off, which means all discovery must be served by April 30, 2021. *See* ECF No. 67, at 3:5-8. ***That is only 25 days after this Motion is scheduled to be heard by this Court***. This means that, unless this Court extends the case deadlines, Plaintiff will be deprived of multiple sets of written discovery on Vaptio's newly asserted counterclaim and affirmative defenses. This would be extremely prejudicial.

Therefore, to the extent the Court is inclined to grant Vaptio's Motion to Amend, Plaintiff respectfully request that all case deadlines be extended commensurately. Vaptio is requesting that the deadline to amend pleadings be amended from March 15, 2021 to April 5, 2021. Therefore, Plaintiff respectfully requests that all case deadlines be continued for at least 21 days if not more (preferably 60 days).

**V.   CONCLUSION**

For all the foregoing reasons, Plaintiff Sarieddine respectfully requests that the Court deny Defendant Vaptio's Motion to Extend Amended Pleading Deadline and for Leave to File Second Amended Answer.

**OPPOSITION TO MOTION TO AMEND**

Dated:        March 15, 2021               Respectfully submitted,

TMW LAW


By _/s/ bruno tarabichi_
    Bruno Tarabichi
    Attorneys for Plaintiff
    Mike Sarieddine

**OPPOSITION TO MOTION TO AMEND**